# Exhibit 2

August 30, 2023

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
24000 AVILA ROAD
LAGUNA NIGUEL, CA 92677

NATIONAL PUBLIC RADIO INC
c/o JACOB CAMPBELL
SEYFARTH SHAW LLP
1075 PEACHTREE ST NE, STE. 2500
ATLANTA, GA 30309

 
**U.S. Citizenship
and Immigration
Services**

IOE8189670761

Form I-129, Petition for a Nonimmigrant
Worker



## <u>DECISION</u>

On July 12, 2023, your organization, NATIONAL PUBLIC RADIO INC, filed a Form I-129, Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify ZHANG, WANYU (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

Section 101(a)(15)(H)(i)(b) of the INA relates to a noncitizen:

> ...who is coming temporarily to the United States to perform services...in a specialty occupation described in section 214(i)(1)..., who meets the requirements for the occupation specified in section 214(i)(2)..., and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under 212(n)(1).

You seek new employment for the beneficiary and requested that USCIS change the beneficiary's status.

You stated on the petition that you are a national public radio (NPR) with 1,100 employees. You seek to employ the beneficiary as a Brand Director.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966).

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA; Title 8, Code of Federal Regulations (8 CFR); and any other applicable statutes and regulations, and could not determine whether you had established eligibility for the benefit sought. Accordingly, on July 18, 2023, USCIS issued to you a Request for Evidence (RFE). On August 23, 2023, USCIS received your response.

In accordance with *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010), USCIS has examined the evidence of record for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, and determined that you have not established eligibility for the requested classification and any requested status by a preponderance of the evidence. A detailed discussion of the grounds for denial and the related evidence follows.

## Untimely Filed Change of Status Request

The only issue to be discussed is whether the delay in filing the change of status request may be excused at USCIS' discretion due to extraordinary circumstances beyond your organization's or the beneficiary's control and USCIS finds the delay commensurate with the circumstances.

INA 248(a) states, in part:

> The Secretary of Homeland Security may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status...

8 CFR 248.1(b) states:

> Except in the case of an alien applying to obtain V nonimmigrant status in the United States under §214.15(f) of this chapter, a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of USCIS, and without separate application, where it is demonstrated at the time of filing that:
>
>> (1) The failure to file a timely application was due to extraordinary circumstances beyond the control of the applicant or petitioner, and USCIS finds the delay commensurate with the circumstances;
>>
>> (2) The alien has not otherwise violated his or her nonimmigrant status;
>>
>> (3) The alien remains a bona fide nonimmigrant; and
>>
>> (4) The alien is not the subject of removal proceedings under 8 CFR part 240.



You seek to change the beneficiary's nonimmigrant status. USCIS records show that the beneficiary's nonimmigrant status was valid until February 17, 2021. The instant petition was filed on July 12, 2023, or 877 days after the beneficiary's status had expired.

On July 18, 2023, USCIS had requested that you provide additional evidence (RFE) to establish that the beneficiary maintained the beneficiary's nonimmigrant status.

On August 23, 2023, you responded to our RFE and submitted a counsel's letter of support, dated August 22, 2023 and a statement, dated August 18, 2023, from Stuart Harding, an Associate General Counsel of NPR.

First, the letter from your counsel indicates that the late filing of the instant petition was part of the counsel's error to forget to send the expiration report to NPR, so that NPR can timely file the change of status request prior to the beneficiary's F1 post-completion Optional Practical Training (OPT) expiration date.

Further, the letter from the associate general counsel of your organization indicates that the change of status request was untimely filed due to your I-9 re-verification process issues. The beneficiary's F-1 OPT expiration date passed undetected because your human resources information systems group did not receive the authorization expiration report from your I-9 re-verification system. It was noticed that this incident happened in 2020 when a member of your human resources personnel, who oversaw the

I-9 verification and re-verification process, left your organization. This was before the beneficiary's F1 OPT status expired.

Overall, the late filing was due to the unexpected administrative errors on part of the counsel and your human resources. However, counsel's and your human resources errors have not met the extraordinary circumstances criterion. The submitted evidence is insufficient to demonstrate that the delay in filing the petition was due to extraordinary circumstances beyond your control or the beneficiary's control.

Thus, you have not shown that the delay in filing the change of status request was due to extraordinary circumstances beyond your organization's or the beneficiary's control; and the delay was commensurate with the circumstances. Therefore, the untimely filed change of status request is not excused. As such, the beneficiary failed to maintain the beneficiary's nonimmigrant status.

**Conclusion**

Therefore, the request for a change of the beneficiary's status is denied.

The appropriate U.S. consular post, port-of-entry, or pre-flight inspection facility has been notified of the approval of the classification portion of the petition.

This decision may leave the beneficiary without lawful immigration status. If the beneficiary is present in the United States in violation of the law, they are required to depart immediately. Remaining in the United States without a lawful status after the date of this decision may result in the accrual of unlawful presence under section 212(a)(9)(B) of the INA and may adversely affect the beneficiary's ability to return to the United States lawfully in the future.

If the beneficiary has any questions concerning immigration services and benefits, they may telephone 1-800-375-5283 or for TTY 1-800-767-1833.

This decision may not be appealed. If you disagree with this decision, you may file a motion to reopen or reconsider with a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if this decision was mailed) of the date of this decision.

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

Tracy Tarango
Director, California Service Center

